may be prosecuted under Art. 310, Vernon's Ann.P.C. as "a false statement by a voluntary declaration or affidavit, which is not required by law."

It is clear that such a *declaration* or answer *is* required by law, and is under oath, and the state could not hope to prove that such false answer *was not* required by law.

The state's motion and brief, and the amicus curiae brief of the prosecuting attorney in another part of the state, point out the errors in the majority holding. The state's motion for rehearing should be granted.

**Yolanda GOMEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 32357.**

Court of Criminal Appeals of Texas.

Nov. 9, 1960.

On Motion to Reinstate Appeal Dec. 14, 1960.

Lon D. Herbert, Alice, for appellant.

Leon B. Douglas, State's Atty., Austin, for State.

PER CURIAM.

The offense is selling beer to a minor, as an agent of the licensee; the punishment, a fine of $100.00.

■ The record shows that appeal bond was entered into before the expiration of the term at which conviction was had and notice of appeal was given. Such a bond does not confer jurisdiction upon this Court to enter any order other than to dismiss the appeal.

The appeal is dismissed.

On Motion to Reinstate Appeal

DAVIDSON, Judge.

■ After this court dismissed the appeal in the instant case because the appeal bond was made and approved during term time, appellant secured the trial court's reapproval of that bond, which was long after the adjournment of the term of court at which the conviction was had.

Appellant insists that this reapproval of the bond by the trial court in all things validated the bond as a good appeal bond and that his appeal should be reinstated.

It is the date of the bond and the obligation of the principal and sureties thereon that control the validity of the bond.

At the time the bond was executed, no authority existed therefor. In the eyes of the law, then, it was a nullity. Reapproval of the bond could not render it valid.

The motion to reinstate the appeal is overruled.